UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO HADLEY,<br><br>              Plaintiff,<br><br>      v.<br><br>S. MENDES, et al.,<br><br>              Defendants. | Case No. 1:22-cv-00093-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>**Clerk of Court to Assign District Judge** |

Plaintiff Lorenzo Hadley is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On February 17, 2023, the Court issued its First Screening Order, directing Plaintiff to file a first amended complaint, curing the deficiencies identified in his pleading, or a notice of voluntary dismissal. (Doc. 9.) Plaintiff was provided 21 days within which to file a first amended complaint or a notice of voluntary dismissal. (*Id.* at 5.) Plaintiff failed to file either a first amended complaint or a notice of voluntary dismissal.

A March 14, 2023, docket entry reveals the screening order was returned to the Court by the United States Postal Service marked "Undeliverable" and "Not Deliverable as Addressed." (*See* Docket Entry dated 3/14/23.)

//

On March 16, 2023, the Court issued its Order to Show Cause Why Action Should Not Be Dismissed for Failure to Obey Court Orders (OSC). (Doc. 10.) Plaintiff was provided 21 days within which to show cause in writing why the action should not be dismissed for his failure to keep the Court apprised of his current address and for his failure to comply with the screening order. (*Id*.) Alternatively, within that same time frame, Plaintiff was advised he could file either a first amended complaint or a notice of voluntary dismissal, and a notice of change of address. (*Id*.) More than 21 days have passed, and Plaintiff has failed to file either a first amended complaint or a notice of voluntary dismissal, and a notice of change of address.

An April 11, 2023, docket entry indicates the OSC was returned to the Court by the United States Postal Service marked "Undeliverable," "Refused," and "Unable to Forward." (*See* Docket Entry dated 4/11/23.)

## II.    DISCUSSION

### A.  Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d

1439, 1440 (9th Cir. 1988).

### B. Analysis

Plaintiff has failed to file an amended complaint or, alternatively, to file a notice of voluntary dismissal. Plaintiff has also failed to keep the Court apprised of his current address. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court's Screening Order issued February 17, 2023, (doc. 9), and the Court determined Plaintiff had failed to state any claim upon which relief could be granted. (*Id*. at 4-5.) Plaintiff was ordered to file a first amended complaint, curing the deficiencies identified in the Order, within 21 days. (*Id.* 5.) Alternatively, Plaintiff could file a notice of voluntary dismissal. (*Id.*) Plaintiff has failed to file a first amended complaint or a notice of voluntary dismissal. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file an amended complaint or a notice of voluntary dismissal, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in

3

dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued January 24, 2022, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1; *see also id*. at 5 [VIII. Current Address Required].) Next, in the OSC issued March 16, 2023, Plaintiff was warned: "**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice**." (Doc. 10 at 3.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders and its Local Rules by failing to keep the Court apprised of his current address.

### III.   CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the undersigned **RECOMMENDS** that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 18, 2023**               /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE